IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DELIZ SIERRA MORALES<br><br>Plaintiffs,<br><br>v.<br><br>SISTEMA UNIVERSITARIO ANA G. MENDEZ INCORPORADO; JOHN DOE; ABC INSURANCE CO.<br><br>Defendants | CIVIL NO.<br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** plaintiffs Deliz Sierra Morales, through the undersigned attorneys, and very respectfully state, allege and pray as follows:

### I. NATURE OF CAUSE OF ACTION

1. The instant is an action for damages and injunctive relief against a public accommodation within the meaning of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101 et seq., as a result of discrimination against an individual with "physical or mental impairment that substantially limits one or more of the major life activities of such individual."

### II. JURISDICTION AND ALLEGATIONS COMMON TO ALL CLAIMS

2. The jurisdiction of this Honorable Court to entertain the causes of action exercised herein arises under the provisions of the American with Disabilities Act ("ADA"), 42 U.S.C. §§12101 et seq., and under the provisions of 28 U.S.C. §1331 ("Federal Question"). The jurisdiction of this Honorable Court to entertain the causes of action

brought under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, arises under the provisions of 28 U.S.C. §1367 (Supplemental Jurisdiction).

3. Plaintiff, Deliz Sierra Morales, is of legal age, a student at Universida Metropolitana - Cupey, disabled because of spina bifida and hydrocephalia and resident of Carolina, Puerto Rico. At the time of the events alleged herein, she was twenty (20) years of age.

4. Defendant, Sistema Universitario Ana G. Méndez Incorporado (hereinafter "SUAGM"), is a private, nonprofit, educational institution incorporated under the laws of Puerto Rico, which operates Universidad Metropolitana – Cupey (hereinafter UMET–Cupey") in San Juan, Puerto Rico.

5. Defendant John Doe is the fictitious name of the natural and/or legal entity which owns and/or operates UMET- Cupey in San Juan, Puerto Rico, and which is responsible to Plaintiff for the facts alleged herein. Once its true identity is ascertained, the corresponding amendment to the Complaint will be made.

6. Defendant ABC Insurance is the name of the fictitious insurance company that at the time of the occurrence of the facts alleged herein, had issued and maintained in full force and effect an insurance policy on behalf of defendants SUAGM and/or John Doe providing defense and coverage for the facts alleged herein.

### III.  FACTS

7. Plaintiff Deliz Sierra Morales is a disabled person as defined by the American with Disabilities Act of 1990 ("ADA"). Plaintiff suffers from spina bifida and hydrocephalia and as a result she cannot walk and has to move on a wheelchair.

8. Plaintiff is a fourth year student at UMET – Cupey working towards a degree

in office administration.   Plaintiff also works part time at Costco Warehouse.

9. On March 21, 2017, at around 6:30 pm, plaintiff arrived at UMET – Cupey to take her classes.  Upon arriving she visited the school's cafeteria.  As she left the cafeteria some ten minutes later, on her wheelchair she proceeded to move towards Morales Carrión Building to take one of her classes.   While on her way, around the area in front of the infirmary, her wheelchair turned over and plaintiff fell on her right side hitting the floor.

10. Immediately after the fall, Plaintiff realized that her wheelchair had turned over due to an uneven slope or incline, located at the far end of the floor clay tiles of the area where she was moving.   Said defect constitutes a violation of ADA.

11. As a result of the fall, Plaintiff began to feel strong pain throughout her body, particularly to her right arm and shoulder, right leg and her head.   She was helped off the floor by some fellow students.

12. A security guard approached her and told her she had to wait until 8:00 am for the school's infirmary to open.  After waiting in pain for more than an hour she was given Advil at the infirmary and was told to get treatment at an emergency room.   Plaintiff then proceeded to call her father who took her to the University of Puerto Rico Pediatric Hospital in Puerto Rico, where she received emergency medical care, x – rays were taken she was diagnosed with multiple traumas.

13. As a result thereof, Plaintiff had to remain in bed for approximately two weeks and had to return to the hospital because of constant pain on her right arm and leg and back.

14. Notwithstanding the amount of medical treatment received, Plaintiff remains with a partial permanent impairment, which further limits her ability to perform her daily living activities.

## IV.   A FIRST CAUSE OF ACTION ("ADA")

15. Plaintiff Deliz Sierra Morales is a "qualified individual with a disability" within the meaning of the ADA, as a result of her medical condition and physical limitations.

16. As the owners and/or operators of UMET - Cupey, defendants SUAGM and/or John Doe, are a "public accommodation" within the meaning of the ADA.

17. Under the provisions of the ADA, defendants are obliged to allow persons with disabilities, to be able to move without encountering any type of barrier and to enter their establishment without limits and/or restrictions or otherwise discriminate against individuals with a physical and/or mental disability.

18. Such barriers constitute discrimination prohibited by the ADA.  Plaintiffs' access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

19. Under the provisions of the ADA, defendants cannot discriminate against any individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" that it offers. 42 U.S.C. § 12183(a).

20.  The Defendant is in violation of 42 U.S.C. § 12181 *et. seq.*, 28 C.F.R. 36.302 *et. seq.* and is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations, of which Plaintiff has actual notice or has personally experienced:

**Entrance Access and Path of Travel**

a.  There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

b.  The doors of the building entrances are fitted with inaccessible hardware at the facility, in violation of Section 4.13.9 of the ADAAG.

c.  There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

d.  There is not a continuous path of travel connecting all essential elements of the facility, violating Sections 4.3.1 and 4.3.2 of the ADAAG.

e.  There is no means of emergency egress or area of rescue assistance provided at the facility, violating the requirements of Section 4.3.10 of the ADAAG.

**Access to Goods and Services**

f.  There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

g.  There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

h.  There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

i.  There are restrooms for public use at the facility without the required disabled use elements, in violation of several sections of the ADAAG.

j.  There is insufficient clear floor space to access goods or services at the

facility, in violation of several sections of the ADAAG.

21. There are other current violations of the ADA at the facility owned and operated by the Defendant that were not specifically identified herein as the Plaintiffs are not required to engage in a *futile gesture* pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be identified.

22. The Plaintiffs have been and continue to be denied access to, and have been and continue to be denied the benefits of the services of the premises and its facilities, and have otherwise been and continue to be discriminated against and damaged by Defendant, because of Defendant's ADA violations set forth above. The Plaintiffs will continue to be discriminated against unless and until they are granted the relief provided by the ADA.

23. The barriers at the property have endangered plaintiff's safety. Barriers to access involving path of travel at the facility have posed a risk of injury to the Plaintiff. Other barriers to access as described in this Complaint cause similar risk of injury, embarrassment or discomfort to the Plaintiffs.

24. The Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the facility.

25. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover

those attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205.

26.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiff injunctive relief including an order to modify the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

### VI.   A SECOND CAUSE OF ACTION UNDER ARTICLE 1802 OF THE CIVIL CODE OF PUERTO RICO

27.     As the owners and/or operators of UMET - Cupey, located in San Juan, Puerto Rico, defendants SUAGM and/or John Doe, are obligated to comply with ADA.

28.     The injuries suffered by Plaintiff on March 21, 2017, were proximately caused by the defendants' negligence, who at the time of the occurrence of the facts alleged herein failed to maintain the premises of UMET – Cupey ADA compliant and/or in a reasonably safe condition for the use of its students.

29.     The injuries suffered by Plaintiff were proximately caused by the defendants' negligence, who at the time of the occurrence of the facts created, maintained and tolerated a safety hazard within the premises of UMET - Cupey, detrimental to the well-being of students. Further, defendants failed to warn or otherwise alert the students about the dangerous conditions existing within their premises.

30.     In addition, under the provisions of Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141, defendants are liable to plaintiff for their discriminatory conduct towards plaintiff.

31.     Pursuant to the provisions of Articles 20.001 and 20.003 of the Insurance

Code of Puerto Rico, 26 L.P.R.A. §§ 2001 and 2003, defendant ABC Insurance Company is directly liable to plaintiff for the damages suffered by their insureds' negligent acts and/or omissions.

## VII.   INJUNCTIVE RELIEF

32. A permanent injunction must be issued enjoining the Defendants from barring individuals with "physical or mental impairment that substantially limits one or more major life activities of such individual", as defined by the ADA, who are assisted with a service dog from entering the premises of its stores.

## VIII.   DAMAGES

33. As a result of the Defendants' breach of their obligations, discriminatory conduct, and negligence acts and/or omissions plaintiff suffered damages throughout her body, but particularly to her right arm and leg.  As a result thereof, she has required medical treatment and care.  Further Plaintiff has suffered and will continue to suffer mental pain and anguish.

34. As a result of the injuries caused by the discriminatory conduct and negligent acts and/or omissions of the Defendants, plaintiff continues to suffer pain, additional physical limitations and a whole person impairment, which significantly impairs her activities of daily living.

35. As a result of the injuries caused by the negligent acts and/or omissions of the Defendants, Plaintiff has suffered, and will continue to suffer, severe physical pain and excruciating mental anguish, valued in the sum of $500,000.00.

36. Plaintiff is also entitled to punitive damages as a result of the defendants'

discriminatory conduct, in an amount no less than $500,000.00.

37. Defendants have been obstinate and according to the laws of Puerto Rico, they are not only liable for the payment of the principal claimed herein, but also for the payment of interest accrued since the date of the filing of the complaint and for the payment of attorneys' fees.

## IX. JURY DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court the following relief:

a. that judgment be entered against Defendants SUAGM and John Doe, ordering them to pay to Plaintiff the sums prayed herein for her physical and emotional damages as a result of defendants' negligence and discriminatory acts, as well as to pay a reasonable amount for attorneys' fees, interest and the costs of this action; and

b. that a permanent injunction enjoining the Defendant from further discriminatory practices, ordering the Defendant to alter the Subject Premises as appropriate to comply with the ADA, and awarding Plaintiffs their attorneys' fees, costs, expenses incurred in this action and such other and further relief as may be equitable and just.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 20th day of March 2018.

**I HEREBY CERTIFY** that on this same day I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

***s/Richard Schell-Asad***
Richard Schell-Asad - USDC-PR No. 203207

***s/José M. Carreras Pérez***
Richard Schell-Asad - USDC-PR No. 203207

Attorneys for Plaintiff
#171 Chardon Ave., Suite 301
San Juan, PR 00918
Tel: (787) 626-1124
e-mails:rschellasad@aol.com
jmcarreras2002@yahoo.com