## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**DELIZ SIERRA MORALES**,
    Plaintiff,

v.

**SISTEMA UNIVERSITARIO ANA G. MENDEZ INCORPORADO,**
    Defendants.

Civil No. 18-1158 (MAJ/BJM)

### REPORT AND RECOMMENDATION

Deliz Sierra-Morales ("Sierra-Morales") sued the Sistema Universitario Ana G. Mendez Incorporado ("the University") and an unnamed defendant alleging unlawful discrimination in a place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Docket No. ("Dkt.") 1. This court has federal question jurisdiction. Sierra Morales also filed a supplemental claim under Article 1802 of the Puerto Rico Civil Code for damages resulting from a fall allegedly caused by the University's negligence and ADA violation. *Id.* The University moved for summary judgment, Dkts. 39, 41, and Sierra-Morales opposed. Dkt. 49. The University also filed supplemental exhibits to its motion. Dkt. 42. Both parties filed proposed statements of uncontested material facts ("SUMFs"). Dkts. 40, 50. The University replied to Sierra-Morales's opposition, Dkt. 54, and her proposed SUMFs. Dkt. 55. Sierra-Morales then surreplied, Dkt. 62, and submitted and translation of one of her exhibits. Dkt. 67. This case was referred to me for a report and recommendation. Dkt. 70.

For the reasons set forth below, I recommend the University's motion for summary judgment be **GRANTED**.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A dispute is "genuine" only if it "is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion, and identifying those portions" of the record "which it believes demonstrate the absence" of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and so cannot "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). And the court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## BACKGROUND

Sierra-Morales is a resident of Carolina, Puerto Rico. Dkt. 1 ¶ 3. The University is a private, nonprofit, educational institution incorporated under the laws of Puerto Rico. *Id.* ¶ 4. Sierra-Morales alleges she has a disability within the ADA's definition because she suffers from spinal bifida and hydrocephalus. *Id.* ¶ 7. She also claims substantial limitations to her major life activities because she cannot walk and uses a wheelchair to move around. *Id*. The University does not presently challenge these claims. Dkt. 41 at 2 n.1.

Sierra-Morales attended the University from 2014 to 2019. Dkt. 49 at 2. She felt discrimination against her due to the unevenness of tiles on a university walkway since 2014. Dkt. 50 ¶ 45. On March 21, 2017, at around 6:30 a.m., she arrived at the campus in Cupey for class and headed for the cafeteria. Dkt. 1 ¶ 9. Ten minutes later, she left the cafeteria on her wheelchair and proceeded towards the Morales Carrión Building to take one of her classes. *Id.* When she arrived near the area in front of the University's infirmary, her wheelchair turned over and she fell on her right side hitting the floor. *Id.* Sierra-Morales contends her wheelchair turned over due to an uneven slope or incline at the edge of clay tiles on the floor. *Id.* ¶ 10. She then felt strong pain throughout her body, mainly in her right arm, right shoulder, right leg, and head. *Id.* ¶ 11. A security guard approached her and said the school's infirmary did not open until 8:00 a.m. *Id.* ¶ 12. When it opened, someone at the infirmary gave Sierra-Morales Advil and told her to seek further treatment at an emergency room. *Id.* She then called her father who took her to an emergency room, where she received medical care. *Id.* She remained in bed for two weeks and later returned to the hospital for additional pain treatment. *Id.* ¶ 13. She alleges this incident has further limited her ability to perform daily living activities but does not specify how. *Id.* ¶ 14.

Sierra-Morales alleges the University's facility violated various sections of the Americans with Disabilities Act Amended Guidelines ("ADAAG") for the following reasons:

**Entrance Access and Path of Travel**

a. There are no accessible routes from the street, sidewalk, and parking areas, violating sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2.

b. The doors of the building entrances are fitted with inaccessible hardware at the facility, violating section 4.13.9.

c. Ramps at the facility do not have level landings and/or contain excessive slopes, side slopes, or cross slopes, violating sections 4.8.2, 4.8.4 and 4.8.6.

    d.   There is not a continuous path of travel connecting all essential elements of the facility, violating sections 4.3.1 and 4.3.2.

    e.   There is no means of emergency egress or area of rescue assistance provided at the facility, violating section 4.3.10.

**Access to Goods and Services**

    f.   Protruding objects are present throughout the facility, violating section 4.4.

    g.   There are permanently designated interior spaces without proper signage, violating section 4.30.6.

    h.   Counters throughout the facility are higher than 36 inches, violating section 7.2(1).

    i.   Public restrooms lack the required disabled use elements, violating several sections of the ADAAG.

    j.   There is insufficient clear floor space to access goods or services at the facility, violating several sections of the ADAAG.

Dkt. 1 at 5–6. Sierra-Morales hired an expert witness, Architect Eugenio Latour ("Latour"), who submitted his report on December 13, 2019. Dkt. 50 at 23–24 ¶¶ 38, 41. To prepare his report, on August 24, 2017, he performed a site inspection of the area where Sierra-Morales's accident occurred *Id.* at 24 ¶ 45. During his inspection, Latour took photographs of the area and measured the tiles Sierra-Morales believed responsible for her fall. *Id.* ¶ 46. Latour's findings show that paving stones rise one-and-one-eighth of an inch above the tiles where the accident occurred. Dkt. 49-3 at 12 ll. 23–25; Dkt. 67-1 at 9–10. Latour stated during his deposition that water may erode the sand under the tiles over time. Dkt. 49-3 at 14 ll. 7–10. However, to know the level of compaction of the tiles, he said it is necessary to remove them and perform a compaction test. *Id.* at 12 ll. 2–6. In a declaration submitted with her opposition, Sierra-Morales stated she believes the tiles were in the same general condition on the day of Latour's inspection as on the day of her

accident. Dkt. 49-4 ¶ 9. Latour's report does not address the other purported ADA violations at the University.

## DISCUSSION

The parties spilled a lot of ink litigating various procedural issues. I do not address these arguments because I decide this matter on other grounds.

1. The ADA Claim

Before turning to the substance of Sierra-Morales's claims, I address two threshold issues. Together, they warrant dismissing Sierra-Morales's ADA claim.

A. Statute of Limitations

The University argues Sierra-Morales's ADA claim is time-barred because she seeks an injunction ordering the University to fix uneven tiles she discovered in 2014. Dkt. 7 at 6; Dkt. 41 at 20–22. Though Sierra-Morales mentions the statute of limitations in her surreply, she does not address the University's argument. Dkt. 62 at 7. Because the ADA has no statute of limitations, courts apply a state's statute of limitations to a plaintiff's ADA claim. *Toledo-Colon v. Puerto Rico*, 812 F. Supp. 2d 110, 119 (D.P.R. 2011). Courts apply either the state's personal injury statute or the state's analogous disability discrimination statute. *Id.* (citing *Skidmore v. Am. Airlines, Inc.*, 198 F. Supp. 2d 131, 135 (D.P.R. 2002)). In Puerto Rico, both laws have a one-year statute of limitations. *Skidmore*, 198 F. Supp. 2d at 135 (citing 31 L.P.R.A. § 5298, 1 L.P.R.A. § 511). This begins running when a person has knowledge of the injury. *Fragoso v. Lopez*, 991 F.2d 878, 886 (1st Cir. 1993).

The parties agree that Sierra-Morales "felt discrimination against her due to the unevenness of the tiles since the year 2014." Dkt. 40 ¶ 45; Dkt. 50 ¶ 45. Accordingly, I recommend finding Sierra-Morales's claims regarding the uneven tiles are barred by the statute of limitations.

However, Sierra-Morales raises a variety of additional ADA violations regarding doors, signage, and restrooms in her complaint. Dkt. 1 at 5–6. Because it has not established when Sierra-Morales gained knowledge of these issues, the University has not established as a matter of law that these remaining claims are time-barred.

> The following issues identified in the compliant pertain to the purportedly uneven tiles:
>
> a. There are no accessible routes from the street, sidewalk and parking areas in violation of sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2.
> . . .
> c. Ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of sections 4.8.2, 4.8.4 and 4.8.6.
> d. There is not a continuous path of travel connecting all essential elements of the facility, violating sections 4.3.1 and 4.3.2.
> . . .
> f. Protruding objects are present throughout the facility, violating section 4.4.

I recommend the University's motion for summary judgment regarding these claims be **GRANTED**.

### B. Standing

Even if claims regarding the tiles were not time-barred, Sierra-Morales lacks standing to bring all of her ADA claims. The party asserting federal jurisdiction has the burden of demonstrating standing. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1998). Sierra-Morales must establish three elements for constitutional standing: actual or threatened injury, causal connection between the injury and the challenged conduct, and that a favorable court decision can redress the injury. *McInnis–Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 67 (1st Cir.2003).

To establish an injury, Sierra-Morales must show she is "currently deterred from patronizing" the University. *Disabled Ams. for Equal Access, Inc. v. Ferries del Caribe, Inc.*, 405 F.3d 60, 64 (1st Cir.2005) (quoting *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir.2002)). She must also show that it is sufficiently likely she "would again be wronged in a

similar way." *Am. Postal Workers Union v. Frank*, 968 F.2d 1373, 1376 (1st Cir.1992) (citing *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *see also Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir.2003) (requiring ongoing harm or colorable threat of future harm). Though Sierra-Morales need not make repeated attempts to return to the University to show imminent harm in the future for the purpose of standing, the ADA "is not intended to provide redress for past discrimination that is unlikely to recur." *Dudley*, 333 F.3d at 306 (citing *Pickern*, 293 F.3d at 1136–37).

The University argues Sierra-Morales cannot establish she is likely to suffer similar harm because she graduated in 2019. Dkt. 41 at 4. In essence, it argues her claim is now moot. A student's Title III ADA claim seeking equitable relief against her school becomes moot when the student completes the last year of education offered by her school. *G. v. Fay Sch.*, 931 F.3d 1, 8 (1st Cir. 2019). However, if the student reenrolls in the school, she may potentially be subject to alleged misconduct and thus entitled to pursue her ADA claim for injunctive relief. *See Martinez v. Nat'l Univ. Coll.*, 2020 WL 1933646 at *5 (D.P.R. Apr. 21, 2020). Here, Sierra-Morales seeks an injunction under Title III of the ADA ordering the University to make its campus accessible. Dkt. 1. However, she graduated in 2019 and has not alleged any plan to reenroll in a new program. Dkt. 50 at 19 ¶ 8. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (quoting *Texas v. United States*, 523 U.S. 296, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998)). Because Sierra-Morales cannot establish she is likely to suffer similar harm without an injunction, she lacks standing to pursue her ADA claim.

### C. Sufficiency of Sierra-Morales's Claim

Even if Sierra Morales had standing, she cannot prevail on her ADA claim. Congress passed the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title III of the ADA "prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations." *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128 (2005). To establish a prima facie case pursuant to Title III, a plaintiff "must demonstrate that (1) he or she has a qualified disability under the ADA, (2) the defendant operates a place of public accommodation, and (3) the plaintiff was discriminated against as a result of his or her disability." *Medina-Rodriguez v. Fernandez Bakery, Inc.*, 255 F. Supp. 3d 334, 341 (D.P.R. 2017) (citing cases). Disability discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature" 42 U.S.C. § 12182(b)(2)(A)(iv). In the case of "existing facilities," the plaintiff must show the removal of architectural barriers on defendant's property is "readily achievable," meaning it "is easily accomplishable and able to be carried out without much difficulty or expense." *Id.* Courts may consider the nature of the ADA violations in determining whether it is plausible that their removal is readily achievable. *See Marradi v. K&W Realty Inv. LLC*, 212 F. Supp. 3d 239, 246 (D. Mass. 2016).

Sierra-Morales alleges she is disabled under the ADA because she suffers from spinal bifida and hydrocephalus which substantially limit her major life activities because she cannot walk and uses a wheelchair to move around. Dkt. 1 ¶ 7. The University does not presently challenge these assertions. Dkt. 41 at 2 n.1. Above, I explained Sierra-Morales's claims regarding the uneven tiles are barred by the statute of limitations. As for Sierra-Morales's remaining claims, the University argues she failed to establish that it violated the ADA because her expert did not examine the

University's doors, emergency egress or rescue assistance area, signage, counters, tables, or restrooms and she provided no other evidence substantiating her claim that these areas violated the ADAAG. Dkt. 41 at 10–13. When opposing summary judgment, a party must support her assertions that a fact is in dispute by citing to particular materials in the record or showing that those cited by the opposing party do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). A Title III ADA plaintiff bears the burden of producing sufficient evidence to defeat summary judgment regarding each of a defendant's alleged ADA violations because she would bear the burden of proving such violations at trial. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Sierra-Morales presents no such evidence. Nearly four years after she filed her complaint, she cites no evidence supporting her assertions that the University's doors are inaccessible, it lacks means of emergency egress or rescue assistance, its interior spaces lack proper signage, its counters exceed 36 inches, and its restrooms lack required disabled use elements and floor space. Her opposition to summary judgment does not even mention the University's doors, emergency egress issues, signage, or counters. It mentions in passing that she would go to the infirmary to use the bathroom because it had a gurney that she needed to catheterize herself. Dkt. 49 at 3. She further admitted she had no complaints regarding signage. Dkt. 50 ¶ 63. Sierra-Morales has thus presented no evidence that would allow a reasonable jury to find in her favor at trial. Accordingly, she has not stated a prima facie Title III ADA claim.

For the reasons outlined above, I recommend the University's motion for summary judgment regarding her remaining claims be **GRANTED**.

## 2. Article 1802 Claim

### *Supplemental Jurisdiction*

Because this is not a diversity case, the power of the federal court to hear and to determine state law claims depends on the presence of at least one "substantial" federal claim in the lawsuit. *Newman v. Burgin*, 930 F.2d 955, 963 (1st Cir.1991) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, (1966)). Federal jurisdiction hinges on Sierra-Morales's ADA claim. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995); *see also Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir. 1995) (finding "jurisdictional basis for plaintiff's pendent claims under Puerto Rico law evaporated" after summary judgment granted for federal claims). Though Sierra-Morales filed her complaint nearly four years ago, no trial has been set. As such, dismissal of Sierra-Morales's federal claims at this stage favors dismissal of her state claims too.

However, "[i]n an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." *Rodriguez*, 57 F.3d at 1177. "[T]he exercise of supplemental jurisdiction in such circumstances is wholly discretionary." *Id.* When deciding whether to exercise supplemental jurisdiction, courts consider a balance of factors, including, "judicial economy, convenience, fairness and comity." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, (1988) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715 726–27 (1966)); *see also Mercado–Garcia v. Ponce Federal Bank*, 979 F.2d 890, 896 (1st Cir.1992). These factors generally favor "relinquish[ing] jurisdiction when state issues predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought." *Carnegie–Mellon*, 484 U.S. at 350 n. 7 (citing *Gibbs*, 383 U.S. at 726). *See*

*also Fabregas v. ITT Intermedia, Inc.*, 13 F. Supp. 2d 225, 229 (D.P.R.1998). Accordingly, these factors support declining to exercise supplemental jurisdiction here.

Further, "[t]he running of the statute of limitations on a pendent claim, precluding the filing of a separate suit in state court, is a salient factor to be evaluated when deciding whether to retain supplemental jurisdiction." *Rodriguez*, 57 F.3d at 1177. Puerto Rico's Civil Code provides that personal injury actions carry a one-year statute of limitations from the moment the aggrieved person has knowledge of the injury. 31 L.P.R.A. § 5298. However, that one-year term is subject to tolling. This may be accomplished, among other things "by the institution of an action before the courts." 31 L.P.R.A. § 5303. In Puerto Rico, "[o]nce the complaint is filed, the limitations period is tolled until the judicial proceedings have definitively concluded." *See Gonzalez Berrios v. Kmart of Puerto Rico, Inc.*, 2017 WL 5195217 at *2 (D.P.R. Nov. 8, 2017) (citing *Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 552 (1st Cir. 2005)) (further citations omitted). Dismissing the original action without prejudice causes the entire limitations period to run anew from the date the previous action came to a definite end. *Lopez-Gonzalez*, 404 F.3d at 552.

Here, Sierra Morales sustained her injury on March 21, 2017. She filed her complaint on March 20, 2018. The one-year statute of limitations was thus tolled. Were this court to dismiss her Article 1802 claim, she would have one year to bring that claim in Puerto Rico court. Accordingly, I recommend the University's motion for summary judgment regarding her Article 1802 claim be **GRANTED**.

## CONCLUSION

For the above reasons, I recommend the University's motion for summary judgment regarding Sierra-Morales's ADA and Article 1802 claims be **GRANTED**. Sierra-Morales's ADA

claim should be **DISMISSED with prejudice** and her Article 1802 claim should be **DISMISSED without prejudice**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 17th day of February 2023.

**S/ Bruce J. McGiverin**
BRUCE J. MCGIVERIN
United States Magistrate Judge