## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **DELIZ SIERRA-MORALES**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**SISTEMA UNIVERSITARIO<br>ANA G. MENDEZ INCORPORADO,<br>et al.,**<br><br>       **Defendants.** | Civ. No. 18-cv-01158 (MAJ) |

## <u>OPINION AND ORDER</u>

### I.    Introduction

On March 20, 2018, Plaintiff Deliz Sierra-Morales ("Plaintiff") filed this suit seeking injunctive relief, monetary and punitive damages, and reasonable attorney fees against Sistema Universitario Ana G. Mendez Incorporado ("Defendant" or "University") for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (the "ADA"). (**ECF No. 1**). Plaintiff also filed a supplemental claim under Article 1802 of the Civil Code of Puerto Rico for damages resulting from a fall allegedly caused by Defendant's negligence and ADA violations.[1] *Id*. Defendant moved for summary judgment asserting that it did not violate the ADA, that Plaintiff's ADA claims are time-barred, and that Plaintiff does not have standing to bring its ADA claims. (**ECF Nos. 39, 41**). Defendant further argues Plaintiff's supplemental claims should be dismissed because they are time-barred, among other reasons. (**ECF No. 41 at 2, 17**). Plaintiff filed

---

[1] Plaintiff is also suing the natural and/or legal entity which owns and/or operates Defendant, as well as their insurance company, though they are not yet identified. (**ECF No. 1 at 2 ¶¶ 5-6**.)

a response opposing Defendant's arguments. (**ECF No. 49**). Thereafter, Defendant filed a reply (**ECF No. 54**) to which Plaintiff filed a sur-reply (**ECF No. 62**).

On December 9, 2022, the Court referred the motion to Magistrate Judge Bruce J. McGiverin ("Magistrate Judge") for Report and Recommendation ("R & R"). (**ECF No. 70**). On February 17, 2023, the Magistrate Judge issued an R & R recommending that the Court grant Defendant's Motion for Summary Judgment with regards to Plaintiff's ADA claims with prejudice, and without prejudice as to her supplemental claims. (**ECF No. 71**). On March 3, 2023, Plaintiff filed an objection to the R & R and on March 14, 2023, Defendant filed a response. (**ECF Nos. 72, 73**). For the reasons stated hereafter, the Court rejects in part and adopts in part and as modified the Magistrate Judge's R & R and **GRANTS** Defendant's Motion for Summary Judgment **WITH PREJUDICE.**

## II.   Background

The parties do not dispute that Plaintiff is a wheelchair user and suffers from spina bifida and hydrocephaly, which substantially limits her ability to walk. *Id.*; (**ECF No. 41 at 2**). From 2015 to 2019, Plaintiff attended the University, graduating in 2019 with a degree in Office Systems. (**ECF No. 40 at 5 ¶ 36**); (**ECF No. 49 at 2**). Plaintiff asserts that on March 21, 2017, while on the way to one of her classes in the Morales Carrion building, her wheelchair turned over due to the unevenness of the floor tiles, causing her to fall on her side, sustaining injuries to her arm, shoulder, leg, and head. (**ECF No. 1 at 3 ¶¶ 9-11**); (**ECF No. 71 at 3**). For this reason, Plaintiff alleges the University's facilities violated the ADA. (**ECF No. 1 ¶ 10**).

Notably, Plaintiff admits that "although she felt discrimination against her due to the unevenness of the tiles since the year 2014, [she] never filed a discrimination complaint against [Defendant]." (**ECF No. 50 at 9 ¶ 45**). She further states that "even

though she felt discriminated against due to surface conditions of the areas through which she had to walk, which eventually caused her fall, she did not complain to [Defendant] about them." *Id*. at 10 ¶ 51. This is further corroborated by her deposition testimony:

> Q: My question to you is, did you feel discriminated against since 2015, when you started at that university? Pardon me. Pardon me. Since 2014.
> A: Well, in that...in that aspect, yes. In the one I said, I mentioned.
> Q: In...Did you feel discriminated against since 2014?
> A: In what I mentioned, yes. Yes.
> Q: Okay. Tell me, specifically. Unevenness...what else?
> A: The...the tiles, uh...How can I say it? The tiles, uh...like they were dancing, like I say. You step on them...
> Q: Uh-huh...
> A: ...and like, uh...they are uneven, they...
> Attorney: They move?
> A: ...they go up. They mo (sic)...Exactly.

(**ECF No. 49-2 at 2**). Plaintiff also admits that she "passed through the area where she claims she fell several times before, but on this date, she used a manual wheelchair for the first time" as opposed to her motorized chair. (**ECF No. 50 at 10 ¶ 47**).

In addition to the unevenness of the tiles, Plaintiff alleges the University has also violated the ADA in the following ways:

Entrance Access and Path of Travel

a. There are no accessible routes from the street, sidewalk, and parking areas, violating sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2.
b. The doors of the building entrances are fitted with inaccessible hardware at the facility, violating section 4.13.9.
c. Ramps at the facility do not have level landings and/or contain excessive slopes, side slopes, or cross slopes, violating sections 4.8.2, 4.8.4 and 4.8.6.
d. There is not a continuous path of travel connecting all essential elements of the facility, violating sections 4.3.1 and 4.3.2.
e. There is no means of emergency egress or area of rescue assistance provided at the facility, violating section 4.3.10.

Access to Goods and Services

f. Protruding objects are present throughout the facility, violating section 4.4.

g. There are permanently designated interior spaces without proper
signage, violating section 4.30.6.
h. Counters throughout the facility are higher than 36 inches, violating
section 7.2(1).
i. Public restrooms lack the required disabled use elements, violating
several sections of the ADAAG.
j. There is insufficient clear floor space to access goods or services at the
facility, violating several sections of the ADAAG.

(**ECF No. 71 at 3-4**).

Plaintiff hired an expert witness who inspected the premises where the accident
occurred on August 24, 2017, five months after Plaintiff's fall. (**ECF No. 50 at 15 ¶ 76**).
Plaintiff's expert submitted his report on December 13, 2019. *Id*. at 4 ¶ 41. With regards
to the unevenness of the tiles, the report stated that to comply with the ADA, unevenness
in floor tiles must be less than one half of an inch. *Id*. ¶ 47. According to Plaintiff's expert,
the uneven tiles in question measured one and one eighth of an inch. *Id*. Nonetheless,
Plaintiff's expert admitted in his deposition that he did not know if the conditions of the
tiles at the time of his inspection were the same at the time of the accident; and that the
conditions of the tiles at the time of his inspection could have been caused by rainwater
during the course of time. (**ECF No. 40 at 11 ¶¶ 91, 96**). The report did not detail the
other purported ADA violations by the University.

Defendant moved for summary judgment asserting that it did not violate the ADA;
that one of Plaintiff's ADA claims is time-barred, and that Plaintiff does not have standing
to bring any of her ADA claims regardless. (**ECF No. 39**). Defendant further argues that
Plaintiff's supplemental claims should be dismissed as time-barred, among other reasons.
(**ECF No. 41 at 17**).

The R & R recommended to the Court that summary judgment be granted in favor
of Defendant because (1) Plaintiff's ADA claim pertaining to the uneven tiles is time-

barred, (2) her claims as to the other ADA violations fails on the merits, and (3) that she lacks standing to bring all her ADA claims. *Id.* at 5-9. With regards to Plaintiff's supplementary claims, the Magistrate Judge recommended that the Court decline supplemental jurisdiction and that Plaintiff seek relief in state court. *Id.* at 11-12. On March 2, 2023, Plaintiff filed an objection to the R & R. (**ECF No. 72**). On March 13, 2023, Defendant filed a response. (**ECF No. 73**). We address Plaintiff's objections below.

### III.    Legal Standard

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). "In conducting its review, the Court is free to 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.'" *Martinez-Rodriguez v. Guevara*, 03-cv-1794 (FAB), 2007 WL 9758372, at *1 (D.P.R. Aug. 20, 2007) (quoting 28 U.S.C. § 636(a)(b)(1)); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R. 2003).

Parties may file written objections to the report and recommendation within fourteen days after being served with the same. 28 U.S.C. § 636(b)(1). A party filing a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *U.S. v. Baez-Berrios*, 07-cv-0121 (ADC), 2008 WL 11306537, at *1 (D.P.R. May 6, 2008) (quoting *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *Total Petroleum Puerto Rico Corp. v. Quintana*, 16-cv-2979 (GAG), 2017 WL 3189867, at *1 (D.P.R. July 27, 2017) (citing *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992)).

## IV.    Applicable Law and Analysis

Plaintiff objects to the Magistrate Judge's R & R on the following two grounds: (1) standing; and (2) the statute of limitations regarding the ADA claims.[2] (**ECF No. 72**). Since "standing is a threshold question in every case," the Court will direct its inquiry to that objection first. *Summers v. Fin. Freedom Acq*. LLC, 807 F.3d 351, 355 (1st Cir. 2015).

### i.    Standing

Plaintiff seeks an injunction under Title III of the ADA ordering the University to make its campus accessible. (**ECF No. 1 at 7 ¶ 26**). In the R & R, the Magistrate Judge concluded that Plaintiff does not have standing for this claim because she does not satisfy the injury element of constitutional standing.[3] (**ECF No. 71 at 6-7**). In so finding, the Magistrate Judge highlights the undisputed fact that Plaintiff graduated from the University in 2019 and "has not alleged any plan to re-enroll in a new program." As such, Plaintiff is at no risk of future harm as required to obtain injunctive relief. (**ECF No. 50 at 3 ¶ 11**); (**ECF No. 71 at 7**).

 "To have standing to pursue injunctive relief, a plaintiff must establish a real and immediate threat resulting in a sufficient likelihood that [s]he will again be wronged in a similar way." *Gray v. Cummings*, 917 F.3d 1, 19 (1st Cir. 2019) (citing *City of Los Angeles v. Lyons*, 461, U.S. 95, 109, 111) (internal quotations omitted). A plaintiff need not engage in a futile or allegedly hazardous gesture to establish standing. *Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.,* 405 F.3d 60, 65 n. 7 (1st Cir. 2005). However, "past injury, in and of itself, is an insufficient predicate for equitable relief."

---

[2]    Plaintiff does not object to the Magistrate Judge's findings as it pertains to the merits of her ADA claims.

[3]    Constitutional standing is comprised of three elements: actual or threatened injury, causal connection between the injury and the challenged conduct, and that a favorable court decision can redress the injury. *McInnis–Misenor v. Me. Med. Ctr*., 319 F.3d 63, 67 (1st Cir. 2003).

*Gray v. Cummings*, 917 F.3d at 19 (internal citations omitted). Accordingly, the Magistrate Judge ruled that Plaintiff's graduation from the University in 2019 precludes her from demonstrating she has standing for the injunctive relief she requests. Plaintiff's objection to the Magistrate Judge's findings on standing does nothing to dispel this theory, and instead is merely a conclusory statement in which she concedes she "might not have standing regarding the 'other purported ADA violations' . . ." but that she "does have standing to bring her ADA claim regarding the unevenness of the tile that caused her fall." (**ECF No. 72 at 3**).

Although not alleged by Plaintiff, however, standing is assessed considering the facts existing at the outset of the litigation. *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 168, 180 (2000). At the outset of litigation, Plaintiff was still enrolled in classes at the University.[4] Therefore, she very well could have been "wronged in a similar way." *Gray*, 917 F.3d at 19.

However, "a plaintiff's stake in a case is not frozen at the moment that the lawsuit is filed." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 15 (1st Cir. 2004). "Article III restricts our jurisdiction to [c]ases and [c]ontroversies . . . [therefore,] a suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Harris v. U. of Massachusetts Lowell*, 43 F.4th 187, 191 n.7 (1st Cir. 2022) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

> The distinction between standing and mootness is not always easily grasped. The confusion is understandable, given [the Supreme Court's] repeated statements that the doctrine of mootness can be described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).

---

[4]   The Complaint was filed on March 20, 2018, and it is undisputed that Plaintiff graduated in 2019.

*Steir,* 383 F.3d at 15 (internal citations and quotations omitted). "To that end, a plaintiff must maintain a personal interest in the outcome *throughout the litigation* or the controversy becomes moot." *Martinez v. Natl. U. College,* 18-cv-1975 (DRD), 2020 WL 1933646, at *6 (D.P.R. Apr. 21, 2020) (internal citations and quotations omitted) (emphasis added).

Here, Plaintiff seeks an injunction under Title III of the ADA ordering the University to make its campus accessible. (**ECF No. 1 at 7 ¶ 26**). However, Plaintiff has since graduated from the University, and has not alleged any facts indicating that she is likely to return to the campus or re-enroll in classes there. As such, the Court cannot find that she is facing a possibility of future harm.[5] Plainly, "a federal court may not grant injunctive relief when, as in this case, intervening events have eliminated any reasonable anticipation that the aggrieved party will, in the future, be faced with a recurrence of the alleged harm." *Martinez,* 2020 WL 1933646 at *6 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

The First Circuit found similarly in *Harris v. U. of Massachusetts Lowell*, holding that "the students' claims for injunctive relief are inescapably moot because the universities' vaccination policies no longer apply to them. [Plaintiff] has graduated from [Defendant University] and [Co-Plaintiff] is no longer enrolled at [Co-Defendant University]. Thus, there is simply no ongoing conduct to enjoin presently affecting either student." 43 F.4th at 192; *see also G. v. Fay School*, 931 F.3d 1, 11 (1st Cir. 2019) (internal quotations omitted) ("[Plaintiff's] completion of the ninth grade has mooted the claim for preventive injunctive relief . . .").

---

[5]    Plaintiff also does not dispute the fact that beyond the March 21, 2017, incident, there were no further incidents with her wheelchair. (**ECF No. 50 at 10 ¶ 50**.)

Moreover, though "a claim for damages will keep a case from becoming moot where equitable relief no longer forms the basis of a live controversy," monetary and punitive damages are unavailable under Title III of the ADA. *Harris*, 43 F.4th at 192; *Fay School,* 931 F.3d at 9 ("The only relief available is 'preventive' injunctive relief"); *see also Martinez,* 2020 WL 1933646 at *7. Therefore, Plaintiff's request for damages does not save her claim, nor does her request for attorney's fees. *Harris*, 43 F.4th at 193 ("Thus, the students' request for attorney's fees cannot rescue their mooted equitable claims from dismissal. The same is true of their claim for costs") (internal citations omitted).

Finally, though Defendant does not explicitly argue Plaintiff's case is moot, "we have an independent obligation to examine [our] own jurisdiction, and our jurisdiction does not encompass claims that have been rendered moot by some intervening event." *Id.* at 191, n. 7. Therefore, regardless of whether Plaintiff has standing, the Court is precluded from enjoining conduct that will not personally benefit her. *Steir*, 383 F.3d at 16 ("[T]he relief requested must be personal to the plaintiff. [A] federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of [officials] are [unlawful]") (internal quotations and citations omitted).

### ii.   Statute of Limitations

Even if the plaintiff had standing and her claims were not moot, she could still not prevail on her ADA claim regarding the tiles because such claim is time barred.

The Magistrate Judge found that Plaintiff's ADA claim as it pertains to the uneven tiles is time-barred because it is undisputed that Plaintiff "felt discrimination against her due to the unevenness of the tiles since the year 2014." (**ECF No. 71 at 5**). Plaintiff objects to these findings for the following reasons: (1) Defendant's use of "boilerplate" language in its Answer did not adequately preserve the statute of limitations defense asserted in its

motion for summary judgment; (2) Plaintiff only conceded that she was aware of the general tile situation in different areas of the university in 2014, not the specific tile which caused her wheelchair to turn over; and (3) the R & R is contradictory in its conclusion. (**ECF No. 72 at 1-2**). The court agrees with the Magistrate Judge's reasoning.

As a reminder, because the ADA does not set forth its own limitations period, "courts ha[ve] developed the settled practice of borrowing state statutes of limitations to fill the void."[6] *Mercado v. Puerto Rico*, 814 F.3d 581, 584 (1st Cir. 2016) (internal quotations omitted). "Because Puerto Rico's analogous disability discrimination statute and its personal injury statute share the same one-year statute of limitations," the statute of limitations for Plaintiff's ADA claims is one year. *Vazquez-Rodriguez v. Miranda*, 16-cv-2019 (DRD), 2017 WL 3588935, at *5 (D.P.R. Aug. 18, 2017). "Under federal law, the limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis for his claim." *Rodriguez-Garcia v. Municipality of Caguas*, 354 F.3d 91, 96–97 (1st Cir. 2004).

Plaintiff begins her objection by stating that "[t]he Report concludes that the ADA claim is time barred based on Defendant's claims that are not supported or even exist on the record." (**ECF No. 72 at 1**). The Court disagrees. First, the R & R's citation to Defendant's purported "boilerplate" statute of limitations language in its Answer merely demonstrates that Defendant indeed preserved this defense. This is required pursuant to Federal Rule of Civil Procedure 8(c), which mandates affirmative defenses be raised in

---

[6]    Certain types of ADA discrimination claims, not at issue here, are subject to a four-year statute of limitations period under 28 U.S.C. § 1658. *Maggi v. Grafton County Dept. of Corrections*, 18-cv-059 (LBM), 2022 WL 4536855, at *3 (D.N.H. Sept. 27, 2022) (citing *Mercado v. Puerto Rico*, 814 F.3d 581, 591 (1st Cir. 2016)).

response to a pleading. Thereafter, Defendant presents a fully developed argument in its memorandum in support of the Motion for Summary Judgment as to why Plaintiff's ADA claim—as least as it pertains to the uneven tiles—is time-barred. (**ECF No. 41 at 20**).[7]

Second, Plaintiff's statement that she felt discriminated against by the uneven tiles generally since 2014, and not the specific tile that caused her to fall, is not supported by the record. Her statements pertaining to the tiles are clearly all-encompassing. To elaborate, Plaintiff admits in her objection to the statement of uncontested facts that "although she felt discrimination against her due to the unevenness of the tiles since the year 2014, [she] never filed a discrimination complaint against [Defendant]." (**ECF No. 50 at 9 ¶ 49**). She further states that "even though she felt discriminated against due to surface conditions of the areas through which she had to walk, which eventually caused her fall, she did not complain to [Defendant] about them." *Id.* at 10 ¶ 51. This is further corroborated by her deposition testimony:

> Q: My question to you is, did you feel discriminated against since 2015, when you started at that university? Pardon me. Pardon me. Since 2014.
> A: Well, in that…in that aspect, yes. In the one I said, I mentioned.
> Q: In…Did you feel discriminated against since 2014?
> A: In what I mentioned, yes. Yes.
> Q: Okay. Tell me, specifically. Unevenness…what else?
> A: The…the tiles, uh…How can I say it? The tiles, uh…like they were dancing, like I say. You step on them…
> Q: Uh-huh…
> A: …and like, uh…they are uneven, they…
> Attorney: They move?
> A: …they go up. They mo (sic)…Exactly.

(**ECF No. 49-2 at 2**). Plaintiff also does not dispute she "passed through the area where she claims she fell several times before, but on this date, she used a manual

---

[7]        Moreover, contrary to Plaintiff's assertion, the facts relevant to Defendant's statute of limitations argument were included in the statement of uncontested facts. See ECF No. 40 at 6 ¶ 45 ("Although [Plaintiff] felt discrimination against her due to the unevenness of the tiles since the year 2014, [Plaintiff] never filed a discrimination complaint against [Defendant].")

wheelchair for the first time" as opposed to her motorized chair. (**ECF No. 50 at 10 ¶ 47**). Plainly, Plaintiff does not differentiate between the state of the tiles at the place of her fall from the state of the tiles generally until the instant objection. Notably, Plaintiff had the opportunity to do so in her deposition, and in her response to Defendant's Motion for Summary Judgment, where the argument was raised and fully articulated. Not doing so was to Plaintiff's detriment, as "new arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge." *Entact Services, LLC v. Rimco, Inc.*, 526 F. Supp. 2d 213, 223 (D.P.R. 2007) (citing *Rosaria Rivera v. Puerto Rico Aqueduct & Sewers Auth.*, 331 F.3d 183, 193 (1st Cir. 2003).

Moreover, contrary to what Plaintiff asserts, the R & R is not contradictory in its conclusion. The Magistrate Judge concludes that Plaintiff's ADA claim as it pertains to the uneven tiles is time-barred due to Plaintiff's admission that she felt discriminated against because of them in 2014. (**ECF No. 71 at 5**). Therefore, per the applicable one-year statute of limitations, Plaintiff's filing of the instant complaint in 2018 was untimely.[8] *Vazquez-Rodriguez,* 2017 WL 3588935, at *5.

Finally, because plaintiff's ADA claims are moot, the court need not opine as the sufficiency of Plaintiff's remaining ADA claims. Thus, for the reasons stated above, Plaintiff's ADA claims are dismissed **WITH PREJUDICE.**

---

[8]    With regards to the other purported ADA violations, the Magistrate Judge concludes that Defendant has not established when Plaintiff gained knowledge of them, so they cannot, as a matter of law, be deemed time barred. (**ECF No. 71 at 6**). Accordingly, the Magistrate Judge recommends that summary judgment be granted as to the ADA claim pertaining to the tiles only. Thereafter, the Magistrate Judge concludes that Plaintiff's remaining ADA claims fail on the merits, and that Plaintiff lacks standing to bring all of her ADA claims regardless.

### iii.    Supplemental Claim Under Article 1802

With regards to Plaintiff's request for damages under Article 1802, the Magistrate Judge recommends that the Court decline to exercise its supplemental jurisdiction and dismiss the claim without prejudice. (**ECF No. 71 at 10**). However, under Puerto Rico law, "a claim brought under its general tort statute Article 1802 is not cognizable where it arises from the same facts as plaintiff's claims under the ADA. This is so because the tort provision of the Civil Code is supplementary to special legislation." *Roman v. Hatillo Cash and Carry, Inc.*, 17-cv-1577 (CVR), 2019 WL 8759095, at *6 (D.P.R. June 24, 2019) (internal quotations and citations omitted). "[S]o, to the extent that a special labor law [— or special law—] covers the conduct for which a plaintiff seeks damages, she is barred from using that same conduct as the basis for a claim under 1802." *Aguirre v. Mayaguez Resort & Casino, Inc.*, 59 F. Supp. 3d 340, 357 (D.P.R. 2014); *see also Santiago Ortiz v. Caparra Ctr. Associates, LLC*, 261 F. Supp. 3d 240, 250 (D.P.R. 2016) ("But as in *Pagan–Renta* [*v. Walgreens of San Patricio, Inc.,* 190 D.P.R. 251 (2014)], plaintiffs may not claim emotional distress damages under Article 1802 because the federal statute which governs their claim—Title III—limits their remedy to injunctive relief."); *Martinez,* WL 1933646, at *8 (internal quotations and citations omitted) ("Consequently, an Article 1802 claim is not cognizable [when] it arises from the same facts as plaintiff's claims under the ADA").

Plaintiff asserts she suffered damages to her right arm and leg and continues to suffer mental pain and anguish "[a]s a result of the Defendants' breach of their obligations, discriminatory conduct, and negligen[t] acts and/or omissions." (**ECF No. 1 at 8 ¶ 33**). She also credits her damages to Defendant's negligent maintenance of the campus—or lack of ADA compliance—as well as their failure to warn of the "dangerous

conditions existing within their premises." *Id.* at 7 ¶¶ 28-29. As such, she maintains she is entitled to damages under Article 1802 of the Puerto Rico Civil Code. *Id.* at 7 ¶ 30.

"Given that [P]laintiff predicates her claim on conduct arguably covered by the ADA . . . the action under Article 1802 must be dismissed." *Echevarria v. AstraZeneca, LP*, 133 F. Supp. 3d 372, 408 (D.P.R. 2015), *aff'd sub nom. Echevarria v. AstraZeneca Pharm. LP*, 856 F.3d 119 (1st Cir. 2017). "She simply has not pointed to any record support for her assertion that her Article 1802 claim is premised on independent conduct, and we reject it for that reason." *Echevarria v. AstraZeneca Pharm. LP*, 856 F.3d 119, 139 (1st Cir. 2017). Plaintiff's claims under Article 1802 of Puerto Rico's Civil Code are therefore denied. Accordingly, the Court rejects the Magistrate Judge findings as it pertains to the supplemental claims under Article 1802 of the PR Civil Code. Therefore, Plaintiff's supplemental claim is Dismissed **WITH PREJUDICE.**

Conclusively, viewing the entire record "in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor," the Court does not find a genuine issue of material fact. *Winslow v. Aroostook County*, 736 F.3d 23, 29 (1st Cir. 2013); *see also* Fed. R. Civ. P. 56(a). Thus, for the reasons stated above, the Court grants Defendant's Motion for Summary Judgment and the case is dismissed **WITH PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of April 2023.

**S/ MARÍA ANTONGIORGI-JORDÁN**
**United States District Judge**